# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60432

MEIKA DESEAN BRITTON,

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2018

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

SOUTHAVEN POLICE DEPARTMENT; BRENNON RUSHING, Detective
Southaven Police Department; STEVE PIRTLE, Chief of Police; FRANK
CASWELL, Probation Officer; BONITA CLARK, Probation Officer Supervisor;
GERALD W. CHATHAM, SR., Circuit Court Judge; ROBERT REID
MORRIS, III, Assistant District Attorney; MARSHALL FISHER, Mississippi
Department of Corrections; CITY OF SOUTHAVEN,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:16-CV-84

Before SMITH, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Meika Desean Britton, Mississippi prisoner # 167394, moves for leave to
appeal in forma pauperis (IFP) from the district court's order granting
summary judgment, dismissing his 42 U.S.C. § 1983 claims against Mississippi

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-60432

Department of Corrections employees Frank Caswell and Bonita Clark and against Southaven Police Detective Brennon Rushing.  By moving to proceed IFP, Britton challenges the district court's determination that his appeal has not been brought in good faith.  *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997).  This court's inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Urging that the summary judgment dismissal was error, Britton complains that he was denied the opportunity to conduct discovery and conclusionally asserts that material factual disputes precluded summary judgment.  However, he does not challenge any legal aspect of the district court's disposition of his claims against Caswell and Clark, specifically failing to brief any argument challenging the district court's determination that he had not exhausted his administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e.  He has therefore abandoned any challenge to the dispositive issue for appeal with respect to those defendants.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

With respect to Rushing, Britton renews his claim that the warrantless search and seizure of his cellphone violated his Fourth Amendment rights.  Although he urges that there was a material factual dispute concerning whether probable cause existed for the search, because Britton was on post-release supervision, probable cause was not required.  *See United States v. Knights*, 534 U.S. 112 (2001); *United States v. Keith*, 375 F.3d 346 (5th Cir. 2004).  Additionally, Britton complains that the search in his case was not a true probationer search because his conditions of supervision did not authorize

2

it. The argument is meritless. *See Keith*, 375 F.3d at 350; *Barlow v. State*, 8 So. 3d 196, 202 (Miss. Ct. App. 2008).

Britton briefs no argument challenging the district court's determination that the undisputed facts showed that Rushing had the requisite reasonable suspicion for the warrantless search of his cellphone based on the information received from a concerned father who had seen inappropriate and provocative text messages between Britton, a sex offender previously convicted of child exploitation, and a teenaged girl. He has thus abandoned any such challenge. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748. Even had he briefed the argument, Britton could not show that the search of his cellphone was impermissible under either state or federal law. *See Keith*, 375 F.3d at 350; *Barlow*, 8 So. 3d at 202.

Thus, Britton fails to demonstrate that his appeal raises a nonfrivolous issue. *Howard*, 707 F.2d at 220. Accordingly, the motion for IFP is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The motion for the appointment of counsel is similarly denied.

The dismissal of the instant appeal as frivolous counts as a strike for purposes of 28 U.S.C. §1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Britton is cautioned that if he accumulates three strikes under § 1915(g), he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.